IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURT DZIBELA,<br><br>                Plaintiff,<br>v.<br><br>BLACKROCK, INC., LAWRENCE FINK, and JOHN DOES 1-23, ABC Company 1-5.<br><br>                Defendants. | Civil Action No. _____<br><br>NOTICE OF REMOVAL |

**TO:    THE CLERK OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants BlackRock, Inc. and Laurence Fink (incorrectly identified in the Complaint as "Lawrence Fink"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby give notice of removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendants state as follows:

**PROCEDURAL BACKGROUND**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

    a. Plaintiff Kurt Dzibela alleges in his Complaint that he resides at 9 Bentley Lane, Ocean Township, New Jersey 07712, and he is represented in this matter by Murray-Nolan Berutti LLC, 136 Central Avenue, 2nd Floor, Clark, New Jersey 07066. *See* **Exhibit A**.

    b. BlackRock, Inc. ("BlackRock") is a Delaware corporation, and maintains its headquarters and principal place of business at 50 Hudson Yards, New York, New York 10001.

BlackRock is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

    c.    Defendant Laurence Fink resides in New York and is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

    2.    Plaintiff commenced this action on March 14, 2023, by filing a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Monmouth County, captioned *Kurt Dzibela v. BlackRock Inc. and Lawrence Fink*, Docket No. MON-L-797-23. Plaintiff subsequently filed an Amended Complaint on March 15, 2023, and filed a Second Amended Complaint on March 21, 2023. A true and correct copy of the Second Amended Complaint is attached as **Exhibit A**. A true and correct copy of the Case Information Statement, Track Assignment Notice, Complaint, and Amended Complaint are attached as **Exhibit B**.

    3.    In his Second Amended Complaint ("Compl." or "Complaint"), Plaintiff alleges claims against Defendants under the New Jersey Law Against Discrimination (NJLAD), New Jersey Declaratory Judgment Act, and common law related to the alleged termination of his employment. Plaintiff seeks compensatory damages, emotional distress damages, punitive damages, equitable relief, injunctive relief, attorneys' fees and costs, and costs of suit. *See* Compl., pp. 8-22.

    4.    Plaintiff could have originally filed his action against Defendants in this Court pursuant to 28 U.S.C. § 1332.

    5.    Plaintiff served the Complaint on BlackRock's designated agent on March 15, 2023, and purported to serve the Complaint on Mr. Fink the same day. A true and correct copy of the Certificates of Service and Summons are attached hereto as **Exhibit C**.

6. Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Defendants. Accordingly, Defendants have timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

7. No further proceedings have been held in the Superior Court of New Jersey, Monmouth County. The documents attached as **Exhibits A, B,** and **C**, constitute the entirety of the process, pleadings, and orders that Defendants have received in this case to date. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. In relevant part, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

9. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

10. Defendants may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

**Amount in Controversy**

11. In his Complaint, Plaintiff seeks monetary damages and equitable relief related to his asserted claims against Defendants for employment discrimination and termination, alleging those actions were due to Plaintiff's race, color, medical status, perceived disability, genetic characteristics, gender, sexual orientation, and familial status. *See* Compl. ¶ 43.

12. Plaintiff seeks compensatory damages, emotional distress damages, punitive damages, equitable relief, injunctive relief, attorneys' fees and costs, and costs of suit. *See* Compl., pp. 8-22.

13. At the time of his separation, Plaintiff's total annual compensation exceeded $200,000. Plaintiff's employment ended on February 1, 2022. As such, Plaintiff's claim for backpay alone already exceeds $75,000, exclusive of interest and costs.

14. Although Plaintiff does not quantify the monetary damages he seeks to recover, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (denying motion to remand where plaintiffs sought damages, interest, costs of suit, and attorneys' fees because plaintiffs did not expressly limit damages to $75,000 or less and attorneys' fees alone can add up to hundreds of thousands of dollars).

15. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Citizenship**

16. Plaintiff is a citizen of the State of New Jersey. *See* Compl. ¶ 6.

17. Under 28 U.S.C. §1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

18. BlackRock is a Delaware corporation with its corporate headquarters and principal place of business in New York. Accordingly, BlackRock is a citizen of the States of Delaware and New York. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business.").

19. Mr. Fink is a resident and citizen of the State of New York.

20. In determining whether an action is removable under 28 U.S.C. §1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Thus, the citizenship of the fictitious parties "John Does 1-23" and "ABC Companies 1-5" (*See* Compl. ¶¶ 10-11) are irrelevant and should be disregarded.

21. Accordingly, complete diversity of citizenship exists between Plaintiff and the Defendants.

**TIMING**

22. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal was timely filed with this Court because thirty days did not expire between the time Defendants were served with the Complaint on March 15, 2023, and the filing of this Notice of Removal.

**VENUE**

23. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Monmouth County, where Plaintiff

originally filed this action, and a substantial part of the events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See* Compl., ¶¶ 6, 9.

## CONCLUSION

24. According to the provisions of 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal and incorporate by reference copies of all of the process, pleadings, and orders served on Defendants before the removal of this action, if any.

25. By filing a Notice of Removal, Defendants do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.[1]

26. Further, Defendants respectfully request an opportunity to submit additional argument if Plaintiff challenges this Notice of Removal and such argument becomes necessary.

27. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, and a copy of this Notice of Removal with all exhibits will be filed with the Clerk of the Superior Court of New Jersey, Monmouth County, where the suit has been pending.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendants hereby remove this action to the United

---

[1] The Second Amended Complaint purports to assert a declaratory judgment action alleging that BlackRock's vaccine policy violated Section 360bbb of the Federal Food, Drug, and Cosmetic Act ("FDCA") (incorrectly cited in the Complaint as Section 300bbb (*see* Compl., Ninth Count, ¶ 4)), and 45 C.F.R. § 46.116, a regulation imposing informed consent requirements on human research studies (incorrectly cited in the Complaint as 45 C.F.R. § 45.116). Because neither the statute nor the regulation provides a private right of action, they do not provide federal question jurisdiction. *See Berutti v. Wolfson*, 2023 WL 1071624, *5 (D.N.J. Jan. 27, 2023) (dismissing declaratory judgment action citing to FDCA Section 360bbb because it is "well settled 'that the FDCA creates no private right of action.'") (quoting *Bone Screw Prod. Liab. Litig.*, 193 F.3d 781, 788 (3d Cir. 1999)); *Elansari v. Univ. of Pa.*, 779 F. Appx. 1006, 1009 (3d Cir. July 17, 2019) (affirming dismissal of claim under 45 C.F.R. § 46.116 on grounds that the defendant was not subject to the regulation and "that § 46.116 does not provide a private cause of action.").

States District Court for the District of New Jersey and respectfully request that the Superior Court of New Jersey, Monmouth County proceed no further.

Dated: April 13, 2023

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*s/ Thomas A. Linthorst*
Thomas A. Linthorst
Needhy Shah
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6611
Facsimile: (609) 919-6701
thomas.linthorst@morganlewis.com
needhy.shah@morganlewis.com

*Attorneys for Defendants*

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated: April 13, 2023						*s/ Thomas A. Linthorst*
								Thomas A. Linthorst

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, the foregoing Notice of Removal with attached exhibits, Local Civil Rule 11.2 Certification, and Civil Cover Sheet was electronically filed via the Court's ECF filing system, and served by email on the following counsel of record:

Ronald A. Berutti  
Murray-Nolan Berutti LLC  
136 Central Avenue, 2nd Floor  
Clark, New Jersey  07066

Dated:  April 13, 2023                          *s/ Thomas A. Linthorst*  
                                                       Thomas A. Linthorst