# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURT DZIBELA,<br><br>                Plaintiff,<br><br>v.<br><br>BLACKROCK, INC., LAWRENCE FINK, and JOHN DOES 1-23, ABC Company 1-5.<br><br>                Defendants. | Case No. 3:23-cv-02093-PGS-JBD<br><br><br>**Motion Day: October 16, 2023** |

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

---

**MORGAN, LEWIS & BOCKIUS LLP**
Thomas A. Linthorst
Needhy Shah
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6289
Phone: 609-919-6600
thomas.linthorst@morganlewis.com
needhy.shah@morganlewis.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................................1

II.  ANALYSIS....................................................................................................1

    A.   Plaintiff's Personal Objections to DEI, ESG, and COVID-19
        Vaccines Are Irrelevant.......................................................................1

    B.   Plaintiff Has Not Alleged Facts To Plausibly Claim That Any
        Adverse Employment Action Was Unlawful.......................................5

        1.   Bonus Compensation ................................................................5

        2.   Failure to Promote....................................................................7

        3.   Termination ...............................................................................8

        4.   Hostile Work Environment .......................................................9

    C.   Plaintiff Has Failed To Oppose Defendant's Motion With
        Respect To His Perceived Disability Discrimination Claim..............10

    D.   Plaintiff's Claim for Intentional Infliction of Emotional Distress
        Fails. ...................................................................................................11

    E.   Plaintiff Fails to State Any Claims for Individual Liability. .............12

III. CONCLUSION............................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alexander v. Seton Hall Univ.*,
204 N.J. 219 (2012) ....................................................................................6

*Aronson v. Olmstead Med. Ctr.*,
2023 WL 2776095 (D. Minn. Apr. 4, 2023)...................................................8

*Bridges v. Houston Methodist Hosp.*,
543 F. Supp. 3d 525 (S.D. Tex. 2021), *aff'd*, No. 21-20311, 2022 WL 2116213
(5th Cir. June 13, 2022) ...............................................................................4

*Cagle v. Weill Cornell Med.*,
2023 WL 4296119 (S.D.N.Y. June 30, 2023) ...............................................12

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988) .........................................................................3

*Covington v. Twp. of Hillside*,
2021 WL 4272880 (D.N.J. Sept. 20, 2021).....................................................12

*Cronin v. Booz Allen Hamilton Inc.*,
2022 WL 3357869 (3d Cir. Aug. 15, 2022) ...................................................12

*Groeber v. Friedman & Schuman, P.C.*,
555 F. App'x 133 (3d Cir. 2014) ...................................................................7

*Groff v. DeJoy*,
143 S. Ct. 2279 (2023)..................................................................................11

*Guzman v. M. Teixiera Int'l*,
476 N.J. Super. 64 (App. Div. 2023)..............................................................11

*Johnson v. Mount Sinai Hosp. Grp., Inc.*,
2023 WL 2163774 (E.D.N.Y. Feb. 22, 2023) ...............................................10

*Khalifeh v. Duff & Phelps Corp.*,
2017 WL 1003220 (D.N.J. Mar. 15, 2017) .....................................................7

*Nat'l Fed'n of Indep. Bus. v. DOL, OSHA*,
  142 S. Ct. 661 (2022)............................................................................4

*National R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002)............................................................................9

*O'Neal v. Middletown Twp.*,
  2019 WL 77066 (D.N.J. Jan. 2, 2019)................................................10

*Rios v. Meda Pharmaceutical, Inc.*,
  247 N.J. 1 (2021) ..............................................................................13

*Roa v. Roa*,
  200 N.J. 555 (2010) ............................................................................9

*Sangi v. Warren Hosp.*,
  2011 U.S. Dist. LEXIS 117463 (D.N.J. Oct. 11, 2011) ......................8

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
  143 S. Ct. 2141 (2023)........................................................................3

*Taylor v. Lincare, Inc.*,
  2016 WL 3849852 (D.N.J. July 15, 2016) ..........................................5

*Vega v. City of Brunswick*,
  171 F. App'x 930 (3d Cir. 2006)..........................................................5

## OTHER AUTHORITIES

29 C.F.R. § 1608.1(a)..............................................................................2

## I.    <u>INTRODUCTION</u>

In its opening brief, Defendants established that Plaintiff failed to allege facts that give rise to a plausible claim for relief under any of the laundry-list of claims in the Third Amended Complaint.  In response, Plaintiff abandoned three of the claims (the Fourth Count for predisposing genetic characteristics discrimination, the Ninth Count for retaliation under the Conscientious Employee Protection Act, and the Tenth Count for a declaratory judgment).  Opp. at 26 n.7.

As to the claims Plaintiff did not abandon, he provides no basis to avoid dismissal.  Plaintiff merely regurgitates the allegations from the Third Amended Complaint, offers little analysis or authority as to why those allegations are sufficient to state a claim, and fails to address or distinguish Defendants' authority requiring dismissal.

As such, for the reasons explained further below, the Court should dismiss the remaining claims in the Third Amended Complaint.

## II.    <u>ANALYSIS</u>

### A.    **Plaintiff's Personal Objections to DEI, ESG, and COVID-19 Vaccines Are Irrelevant.**

Clearly, Plaintiff has objections to diversity, equity, and inclusion ("DEI") policies, consideration of environmental, social, and governance ("ESG") factors in investing, and the safety and effectiveness of COVID-19 vaccines.  But those objections are irrelevant to Plaintiff's actual legal claims, which primarily

1

challenge the termination of his employment for refusing to obtain a COVID-19 vaccine after his disability accommodation request was denied.

Plaintiff rails against DEI but allegations that Defendants supported DEI policies do not amount to a plausible violation of any law[1] or have any bearing on the specific employment decisions made with respect to Plaintiff. Plaintiff alleges that "[i]n 2018, at [an] [i]nternal quarterly earnings meeting, [Mr.] Fink, a white male, announced that there were too many white males in leadership positions," and thereafter, Mr. Fink "began a campaign whereby employees in BlackRock would be judged on discrete factors such as race, gender, and sexual orientation." TAC ¶ 17. But it is undisputed that Mr. Fink was not involved in any employment decisions relating to Plaintiff. Moreover, Plaintiff does not allege he was in a leadership position, nor does he tie this allegation to the termination of his employment four years later for failure to comply with the Vaccination Policy. Thus, this allegation does not plausibly allege that any employment action against Plaintiff was taken based on an unlawful characteristic.

Although not pled in the Third Amended Complaint, Plaintiff now claims that he has a "newly discovered video" of Mr. Fink supposedly "admitting" that "[r]ace, gender, sexual orientation, and sexual identity became factors in

---

[1] *See, e.g.*, 29 C.F.R. § 1608.1(a) ("Since the passage of title VII in 1964, many employers . . . have changed their employment practices and systems to improve employment opportunities for minorities and women, and this must continue.").

BlackRock's bonus compensation schemes in or about 2018." Opp. at 7 n.3. Initially, Plaintiff cannot amend his complaint through his brief. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). But even if the Court were to consider the video, it provides no support to Plaintiff. Plaintiff has not alleged that his manager, or anyone who took any action against him, was subject to any such compensation goals, nor has he pled facts that could plausibly allege that these alleged statements referred to unlawful discrimination rather than lawful DEI policies.[2]

Plaintiff's allegations about consideration of ESG factors in investing similarly do not state any plausible claim for relief. As noted, Plaintiff has abandoned any claim for whistleblower retaliation (Opp. at 31), which claim was untimely and baseless in any event, and any objections he allegedly voiced to ESG investing are irrelevant to his discrimination claims.

---

[2] The Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 143 S. Ct. 2141 (2023), does not change this result. In that case, the Court found that two schools violated the Constitution by considering race in admission decisions. *Id.* at 2175. The Court did not consider DEI efforts of private employers, much less rule that such efforts were unlawful. For this reason, the Chair of the EEOC made clear that, following this decision, "[i]t remains lawful for employers to implement diversity, equity, inclusion, and accessibility programs." *See* Statement from EEOC Chair Charlotte A. Burrows, June 29, 2023 (Attached as Exhibit A to Defendants' opening brief).

Finally, Plaintiff's views about the safety and effectiveness of the COVID-19 vaccine (Opp. at 9) are also irrelevant.  It indisputably is lawful for a private employer to have a policy requiring COVID-19 vaccines, subject to disability and religious exemptions.  *See Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 528 (S.D. Tex. 2021), *aff'd*, No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022) ("Although her claims fail as a matter of law, it is also necessary to clarify that [Plaintiff] has not been coerced.  [Plaintiff] says that she is being forced to be injected with a vaccine or be fired.  This is not coercion.  [The employer] is trying to do their business of saving lives without giving them the COVID-19 virus.  It is a choice made to keep staff, patients, and their families safer.  [Plaintiff] can freely choose to accept or refuse a COVID-19 vaccine; however, if she refuses, she will simply need to work somewhere else.").  And Plaintiff's conclusory and fanciful allegations that BlackRock's investment in Moderna motivated its vaccine mandate (which did not require a Moderna vaccine) are both insufficiently pled, and irrelevant to discrimination claims.[3]

---

[3] The decision in *Nat'l Fed'n of Indep. Bus. v. DOL, OSHA*, 142 S. Ct. 661, 666 (2022), enjoined OSHA from imposing its proposed vaccine mandate for employers with over 100 employees on the grounds that the petitioners were likely to prevail on their position that Congress did not delegate such authority to OSHA. That decision says nothing about the lawfulness of a private employer requiring employees to become vaccinated subject to religious and disability accommodations.

**B.    Plaintiff Has Not Alleged Facts To Plausibly Claim That Any Adverse Employment Action Was Unlawful.**

Plaintiff has not alleged facts sufficient to state a plausible claim of discrimination with respect to any of the alleged adverse employment actions. Each alleged adverse action is addressed in turn.

### 1.    *Bonus Compensation*

Plaintiff alleges in conclusory fashion, again in the context of policies promoting DEI, that "[u]pon information and belief, race, gender, sexual orientation and sexual [identity] became factors in BlackRock's bonus compensation schemes in or about 2018" (TAC ¶ 31), but does not plead any facts that would tie that allegation to a plausible claim that any particular bonus he received was reduced based on a protected characteristic. *See Vega v. City of Brunswick*, 171 F. App'x 930, 935–36 (3d Cir. 2006) (plaintiffs failed to establish race discrimination in starting pay; the appropriate comparator pool was employees of all racial groups in the same position with similar start dates).

The first specific reference Plaintiff makes to his bonus is that he had a "record year in 2019" but his "compensation was flat." TAC ¶¶ 28-30. Initially, any claim for a 2019 bonus is untimely because it occurred four years prior to the filing of this action. *See Taylor v. Lincare, Inc.*, 2016 WL 3849852, at *5 (D.N.J. July 15, 2016)

(recognizing that "[a]ny NJLAD claims arising before May 14, 2013, *i.e.* two years prior to the filing of this action, are time barred").[4]

Moreover, Plaintiff has not pled any facts to plausibly claim that this bonus was reduced based on a protected characteristic. Plaintiff only compares his compensation to BlackRock's CEO "and those carrying out his [policy] directives." TAC ¶¶ 28-30. But Mr. Fink, like Plaintiff, is a White male (TAC ¶ 17), so that does not give rise to any inference of discrimination, and Plaintiff does not identify the other individuals he refers to as "carrying out his [policy] directive."

Plaintiff also claims that in January 2022 he "was given a reduced bonus from the prior year although, on information and belief, he had earned a higher bonus, and despite his having an 'Outperform' rating given to him for his work for both 2020 and 2021." TAC ¶ 52. But this allegation is supported only by Plaintiff's apparent belief that he should have received a higher bonus, without any facts to plausibly claim that he was not given a higher bonus based on a protected characteristic.

Plaintiff does not cite any authority that such bare allegations state a plausible claim for discrimination in compensation, nor does he attempt to distinguish

---

[4] The decision in *Alexander v. Seton Hall Univ.*, 204 N.J. 219 (2012), does not provide any basis for Plaintiff to seek recovery for the untimely bonus claim. That case held that where employer made a discriminatory pay decision outside of the statute of limitations, but the discriminatory payments continued into the statute of limitations, the plaintiff could seek to recover for the discriminatory payments within the statute of limitations, but the statute of limitations still "cut[s] off the untimely portion of the claim." *Id.* at 235.

Defendants' authority.  *See, e.g.*, *Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014) (affirming motion to dismiss discrimination claim because a plaintiff's "subjective belief that [a protected category] played a role in these employment decisions . . . is not sufficient to establish an inference of discrimination.").  The Court should dismiss Plaintiff's claims for discrimination in compensation.

## 2.    *Failure to Promote*

Plaintiff alleges that he "was being passed over for promotion, often by foreigners from other nations who were in New York on work visas. . . because such hires increased defendants' desired DEI profile, while simultaneously discriminating against white heterosexual men."   TAC ¶ 32.   Plaintiff does not identify any opportunities for promotions for which he was denied, and he does not allege that he was denied any promotion that went to someone of a different race, color, gender, or sexual orientation.  TAC ¶ 32.  "[F]oreigners from other nations" could be of the same race, color, gender, or sexual orientation as Plaintiff, so this xenophobic allegation does not support claims for such discrimination.

Plaintiff does not cite any authority that such bare allegations state a plausible claim for discrimination in promotion, nor does he attempt to distinguish Defendants' authority.  *See, e.g.*, *Khalifeh v. Duff & Phelps Corp.*, 2017 WL 1003220, at *4 (D.N.J. Mar. 15, 2017) (failure to promote claim failed where the

"Complaint does not identify: any specific promotion or position that Plaintiff sought but was denied based on his membership in a protected class. . . or any other facts describing the circumstances of such discrimination."). The Court should dismiss Plaintiff's claims for discrimination in failing to be promoted.

### 3. *Termination*

Plaintiff's employment was terminated because he failed to comply with the vaccine requirement that applied to all employees. *See* TAC ¶ 46 (alleging that "a new feature" of BlackRock policy "was that *all employees* should be vaccinated.") (emphasis added). Plaintiff does not allege that individuals who were not heterosexual White men were not required to comply with the policy. Plaintiff concedes that he did not comply with the policy (TAC ¶ 4), and does not plead any facts to state a plausible claim that his termination for violating the policy was based on any protected characteristic. *See Aronson v. Olmstead Med. Ctr.*, 2023 WL 2776095, *3 (D. Minn. Apr. 4, 2023) (granting motion to dismiss discrimination claim for failure to comply with COVID-19 vaccine requirement because "Aronson alleges that she was discharged for failing to comply with an employment policy that applied to all employees.").

Plaintiff does not cite any authority that such bare allegations state a plausible claim for discrimination in termination, nor does he attempt to distinguish Defendants' authority. *See, e.g.*, *Sangi v. Warren Hosp.*, 2011 U.S. Dist. LEXIS

117463, at *7 (D.N.J. Oct. 11, 2011) ("Plaintiff appears to believe that pleading [that he received reduced compensation and was terminated] along with an allegation that Plaintiff is in a protected class is sufficient to state [his] claim. It is not."). The Court should dismiss Plaintiff's claims for discrimination in termination of employment.

### 4.    *Hostile Work Environment*

The final adverse action that Plaintiff pleads is a claim for hostile work environment, which is simply based on the claims discussed above. Initially, this claim fails for the same reason the claims discussed above fail. Defendants also demonstrated in their opening brief that Plaintiff's hostile work environment claim fails because it is premised exclusively on discrete job actions. *Roa v. Roa*, 200 N.J. 555, 567 (2010) ("[*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)] established a 'bright-line' rule that 'individually actionable allegations cannot be aggregated,'" and "we adopted *Morgan's* analytical framework in a LAD case."). Finally, Defendants established that Plaintiff's allegations were not severe or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive, citing *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 19–20 (2002).

Plaintiff responds only by restating the allegations of the Third Amended Complaint and declaring that they are sufficient to state a hostile work environment

claim, without citing any authority, nor distinguishing Defendants' authority. The Court should dismiss Plaintiff's hostile work environment claim.

**C.    Plaintiff Has Failed To Oppose Defendant's Motion With Respect To His Perceived Disability Discrimination Claim.**

The Third Count is limited to a claim for *perceived* disability discrimination. TAC, Third Count ¶ 2 ("Defendants *perceived* Mr. Dzibela to be suffering with a disability based on his medical status") (emphasis added); ¶ 3 ("More specifically, defendants *perceived* Mr. Dzibela as being disabled due to his COVID-19 status….") (emphasis added). Defendants established in their opening brief that Plaintiff's perceived as disabled claim failed because being perceived as unvaccinated does not amount to being perceived as disabled, as courts have uniformly held. *Johnson v. Mount Sinai Hosp. Grp., Inc.*, 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023) ("The decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses.").

In response, Plaintiff does not make any arguments to support a perceived disability claim (*see* Opp. at 22) and, as such, has conceded that his perceived as disabled claim should be dismissed. *O'Neal v. Middletown Twp.*, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point.").

Although the Third Amended Complaint does not contain any count for actual disability discrimination, even if the Court were to allow such a claim, it should still be dismissed because, as noted with respect to the perceived disability claim, Plaintiff has not alleged a qualifying disability. *See, e.g.*, *Guzman v. M. Teixiera Int'l*, 476 N.J. Super. 64, 72 (App. Div. 2023) (affirming dismissal of perceived as disabled claim and noting that plaintiff must adequately plead a qualifying disability as defined under LAD for any disability discrimination claim).

Plaintiff's remaining arguments do nothing to save the claim. Plaintiff argues that, because Plaintiff allegedly was "already working from home," BlackRock "could easily have had his medical condition accommodated." Opp. at 22. But that argument goes to the defense of undue hardship, not the Plaintiff's burden to plausibly allege a qualifying disability. *Guzman*, 476 N.J. Super. 64, 71 (describing the disability standard that "a plaintiff must show"). Similarly, the decision in *Groff v. DeJoy*, 143 S. Ct. 2279 (2023), addressed the undue hardship defense (with respect to a different statute – a Title VII claim for religious discrimination), which is irrelevant.

### D. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails.

In their opening brief, Defendants established that Plaintiff's claim for Intentional Infliction of Emotional Distress fails because it is preempted by his

11

statutory claims premised on the same facts, and because he has not plausibly alleged intentional conduct that was extreme and outrageous.

Even if the Court were to allow Plaintiff to plead the IIED claim in the alternative to the statutory claims, he still has failed to plead facts to demonstrate that this is the "extremely rare" case "to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery on an IIED claim." *Cronin v. Booz Allen Hamilton Inc.*, 2022 WL 3357869, at *5 (3d Cir. Aug. 15, 2022) (affirming dismissal of IIED claims). Plaintiff does not cite any authority finding that his allegations satisfy this standard, and courts have consistently found that they do not. *See e.g., Cagle v. Weill Cornell Med.*, 2023 WL 4296119, at *6 (S.D.N.Y. June 30, 2023) (granting motion to dismiss IIED claims based on termination of employment for failure to comply with COVID-19 vaccination requirement).

### E. Plaintiff Fails to State Any Claims for Individual Liability.

Individual Defendant Mr. Fink should be dismissed for the same reasons that BlackRock should be dismissed, as detailed above. Moreover, Plaintiff cannot establish individual liability against Mr. Fink because it is undisputed that he had no personal involvement in any of the actions challenged by Plaintiff. *Covington v. Twp. of Hillside*, 2021 WL 4272880, at *4 (D.N.J. Sept. 20, 2021) (dismissing individual defendant where "there are no allegations of specific conduct, knowledge

of [plaintiff's] individual circumstances, or other personal involvement" in the alleged violation, and allegations of individual defendant's "development, promulgation, and implementation of policies, procedures, and standards for the department" did not provide sufficient factual support).

The decision in *Rios v. Meda Pharmaceutical, Inc.*, 247 N.J. 1, 5 (2021), does not change this result. There, the Court determined that a supervisor's use of "two offensive slurs" against a Hispanic employee were severe or pervasive enough to survive summary judgment on a hostile work environment claim. *Id.* at 16. The Court noted that "the severity of a remark can be 'exacerbated' when it is uttered by a supervisor," and defined a "supervisor" as those who "direct the day-to-day responsibilities of subordinates" as well as "higher-level management." *Id.* at 12. But the Court was still describing the personal conduct of the supervisor (two offensive slurs), and was discussing the standard for "vicarious liability" for the employer based on the supervisor's conduct, not individual liability. *Id.*

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice.

Dated:  October 6, 2023                    Respectfully submitted,

                                               **MORGAN, LEWIS & BOCKIUS LLP**

                                             */s/ Thomas A. Linthorst*
                                             Thomas A. Linthorst
                                             Needhy Shah
                                             502 Carnegie Center
                                             Princeton, New Jersey 08540-7814
                                             Telephone: (609) 919-6600
                                             Facsimile: (609) 919-6701
                                             thomas.linthorst@morganlewis.com
                                             needhy.shah@morganlewis.com

                                             *Attorneys for Defendants BlackRock, Inc.*
                                             *and Laurence Fink*

14