# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURT DZIBELA,<br><br>    Plaintiff,<br>v.<br><br>BLACKROCK, INC., LAWRENCE FINK, and JOHN DOES 1-23, ABC Company 1-5.<br><br>    Defendants. | Case No. 3:23-cv-02093-PGS-JBD<br><br>**Motion Day: October 16, 2023** |

## DEFENDANTS' REQUEST FOR LEAVE TO SUBMIT RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION TO DISMISS

Defendants BlackRock, Inc. and Laurence Fink respectfully request leave to file the attached response to Plaintiff Kurt Dzibela's April 27, 2024 Letter (Dkt. 26) regarding the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. ----,144 S. Ct. 967 (2024), as it pertains to those Defendants' pending Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 13).

Dated:  May 3, 2024

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

<u>/s/ Thomas A. Linthorst</u>
Thomas A. Linthorst
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
thomas.linthorst@morganlewis.com

*Attorneys for Defendants BlackRock, Inc. and Laurence Fink*

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants BlackRock, Inc. and Laurence Fink submit this response to Plaintiff Kurt Dzibela's April 27, 2024 Letter (Dkt. 26) regarding the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. ----, 144 S. Ct. 967 (2024). Contrary to Plaintiff's assertion, *Muldrow* does not lower Plaintiff's pleading burden and, in fact, it supports Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 13; *see also* Dkt. 25).

*Muldrow* held that an involuntary transfer to less desirable job duties could give rise to an employment discrimination claim where the plaintiff could show at least "some harm respecting an identifiable term or condition of employment," rejecting the argument that the harm from an involuntary transfer had to be "significant." *See* 144 S. Ct. at 974. Plaintiff here does not allege an involuntary job transfer. Rather, Plaintiff cites *Muldrow* solely in support of his allegations that "defendants' discriminatory animus resulted in his not being promoted, received reduced bonuses, and ultimately being terminated." *See* Dkt. 26. As Defendants explained in their moving papers, Plaintiff did not meet his burden – on his fourth attempt to plead his claims – to plausibly allege that any of these alleged adverse actions were based on discriminatory reasons. *See* Reply in Support of Motion to Dismiss (Dkt. 25) at 7-11. *Muldrow* in fact restates Defendants' position by affirming that an employment discrimination claim

1

"requires that the employer have acted for discriminatory reasons." *Id*. at 976; *see also* Motion to Dismiss (Dkt. 13) at 9 (collecting authorities showing that a plaintiff's mere subjective belief that a protected category played a role in employment decisions is not sufficient to establish an inference of discrimination).

Thus, to the extent Plaintiff pleads that Defendants lowered his bonus compensation, he does not plausibly allege that such action was unlawfully based on a protected characteristic. *See* Dkt. 25 at 7-9. As to his failure-to-promote claim, Plaintiff does not allege any promotional opportunities for which he was denied, and he does not allege that he was denied any promotion that went to someone of a different race, color, gender, or sexual orientation. *See id.* at 9-10. And as to his termination, again, Plaintiff does not plead any facts to state a plausible claim that his termination for violating a lawful company policy was based on any protected characteristic. *See id*. at 10-11. *Muldrow* also has no bearing on the analysis of whether Plaintiff has properly pled any of his other claims, such as for hostile work environment or intentional infliction of emotional distress, nor does Plaintiff cite *Muldrow* for that purpose. *See* Dkt. 25 at 11-15.

For the reasons stated in the motion papers, Defendants respectfully request that their Motion to Dismiss be granted in its entirety.

Dated:  May 3, 2024            Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

<u>*/s/ Thomas A. Linthorst*</u>
Thomas A. Linthorst
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
thomas.linthorst@morganlewis.com

*Attorneys for Defendants BlackRock, Inc. and Laurence Fink*

3